IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER BARCLAY,

    Plaintiff,

v.

THE STATE OF OREGON et al.,

    Defendants.

Civ. No. 6:15-cv-01920-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, in an action against the State of Oregon and 33 named individuals alleging that the defendants unconstitutionally considered plaintiff's federal veteran disability benefits as "income" in awarding spousal support, *see* Compl. 8, 11, 40, ECF No. 1.

This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's motion for preliminary injunction and declaratory relief, ECF No. 3, is DENIED without prejudice.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff broadly seeks declaratory and injunctive relief under the Due Process Clause, the Equal Protection Clause, 18 U.S.C. § 1964, and 42 USC §§ 1983, 1985. *See* Compl. 1–90, ECF No. 1. To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such facts are presumed true and must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "**a short and plain statement of the claim showing that the pleader is entitled to relief**." FRCP 8(a)(2). Plaintiff need, in an amended complaint, **specify** the claim or claims that he is asserting against each defendant. For example, if plaintiff intends to challenge a spousal support obligation, he need identify the obligation and explain in a **short and plain** statement why that obligation is unconstitutional.

2 – OPINION AND ORDER

This Court, having reviewed plaintiff's extensive filings, is unable to determine the specific basis for plaintiff's constitutional challenge to ORS § 25.010.[1]

## CONCLUSION

For these reasons, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's motion for appointment of counsel, ECF No. 3, is DENIED without prejudice. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above**. The Clerk of the Court shall not issue process until further order of this Court.

IT IS SO ORDERED.

DATED this 20 day of October, 2015.

                                          **Michael J. McShane**
                                          **United States District Judge**

---

[1] This Court notes that Oregon courts frequently consider "veterans' disability benefits in awarding spousal support, even where the recipient has waived military retirement pay to receive those benefits." *In re Marriage of Morales*, 230 Or. App. 132, 138 (2009) (citations omitted); *see also In re Marriage of Hayes*, 228 Or. App. 555, 564 (2009) (explaining that "the majority of courts have upheld the division of total retired pay (including any waived portion), on a number of different grounds")

3 – OPINION AND ORDER