IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER BARCLAY,

        Plaintiff,

        v.

THE STATE OF OREGON et al.,

        Defendants.

Civ. No. 6:15-cv-01920-MC

OPINION AND ORDER

MCSHANE, Judge:

        Plaintiff, *pro se,* brings this motion to proceed *in forma pauperis*, ECF No. 2, in an action against the State of Oregon and 33 named individuals alleging that the defendants unconstitutionally considered plaintiff's federal veteran disability benefits as "income" in awarding spousal support, *see* Compl. 8, 11, 40, ECF No. 1. In compliance with this court's amended order that plaintiff file a short and plain statement of his claims, ECF No. 7, plaintiff filed an amended complaint on November 12, 2015. ECF No. 8.

        Federal Civil Procedure Rule 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Moreover, this Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to

1 – OPINION AND ORDER

dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Upon review, plaintiff's amended complaint, ECF No. 8, is DISMISSED with prejudice in its entirety, and plaintiff's motions for preliminary injunction, declaratory relief, order to show cause, and appointment of counsel, ECF No. 9, are DENIED as moot.

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff broadly seeks declaratory and injunctive relief under the Due Process Clause, the Equal Protection Clause, 18 U.S.C. § 1964, and 42 USC §§ 1983, 1985. *See* Compl. 1–90, ECF No. 1. To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such facts are presumed true and must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I note that plaintiff's amended complaint is significantly shortened from its initial 90-page length to 53 pages per this court's order that he provide a short and plain statement of his

2 – OPINION AND ORDER

claims. Nonetheless, upon review, plaintiff's amended complaint appears to be an attempt at an

end run around state court proceedings. Plaintiff's diffuse complaints center on a November 10,

2009, order from Linn County Circuit Court Judge Glen Baisinger awarding spousal support to

Claudia Barclay, plaintiff's ex-spouse. Amended Compl., ¶ 83, ECF No. 8. Plaintiff appealed

that decision to the Oregon Court of Appeals, which affirmed Judge Baisinger's ruling without

opinion. *Id.* ¶ 90. Plaintiff then petitioned for review in the Supreme Courts of Oregon and the

United States, both of which were denied. *Id.* 91. Plaintiff then engaged in a litany of

unsuccessful extra-procedural attempts at review with the Oregon Supreme Court and the

Uniform Trial Court Rules Committee to discuss his claims. *Id.* ¶¶ 92-111.

Plaintiff's challenge is barred by the *Rooker-Feldman* doctrine, which precludes lower

federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio

v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006);

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v.

Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to exercise

appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855,

858-59 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. at 482-86; *Rooker

v. Fidelity Trust Co.*, 263 U.S. 415-16. "The clearest case for dismissal based on the *Rooker-

Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous

decision by a state court, and seeks relief from a state court judgment based on that decision . . .'"

*Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *quoting Noel v. Hall*, 341 F.3d

1148, 1164 (9th Cir. 2003). However, the doctrine is equally applicable to bar the federal courts

"from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court

3 – OPINION AND ORDER

judgment." *Reusser*, 525 F.3d at 859, *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *citing Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.*, *quoting Bianchi*, 334 F.3d at 898.  In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citations omitted).

Here, plaintiff's complaint seeks relief from a state court judgment and appeal. His current claims are also "inextricably intertwined" with the complained-of decision of the Linn County Circuit Court and the subsequent affirmation by the Oregon Court of Appeals. Because no amendment of the amended complaint could be effective to cure this jurisdictional deficiency, plaintiff's complaint is dismissed in its entirety.

## CONCLUSION

For these reasons, plaintiff's amended complaint, ECF No. 8, is DISMISSED with prejudice and plaintiff's pending motions, ECF No. 9, are DENIED as moot.

IT IS SO ORDERED.

DATED this _8_ day of December, 2015.

**Michael J. McShane**
**United States District Judge**